**JOSEPH LICATA, ESQ.**
Attorney ID #016981990
METS SCHIRO & MANETTA, LLP
1460 U.S. Highway 9 North, Suite 310
Woodbridge, NJ 07095
(732) 636-0040-Phone
(732) 636-5705-Fax
jlicata@msmlaborlaw.com
Attorneys for Plaintiffs, Teamsters Local 97 Benefits Fund, et. al.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEAMSTERS LOCAL 97, BENEFITS FUND AND MARIA PEREZ, GEORGE BURR AND DANIEL REIMAN AS TRUSTEES OF THE FUND, <br><br> Plaintiffs, <br><br> v. <br><br> HACKENSACK MERIDIAN HEALTH, INC. AND COMPLETE CARE AT PROSPECT HEIGHTS, LLC, <br><br> Defendants. | CIVIL ACTION NO. <br><br> **CIVIL ACTION** <br><br> **COMPLAINT** |

## NATURE OF THE ACTION

This is an action under ERISA § 502(a)(3), ERISA § 515, and LMRA § 301 to recover delinquent welfare-fund contributions and unpaid settlement-agreement obligations owed under a Collective Bargaining Agreement ("CBA"), a binding December 2024 Settlement Agreement, and the governing Trust Agreement.

Defendant Hackensack Meridian Health, Inc. ("HMH") is the primary responsible party for the delinquent contributions and the December 2024 Settlement Agreement. HMH issued the initial settlement payment on December 23, 2024 and exercised operational and financial control over Prospect Heights during the delinquency period.

1

Defendant Complete Care at Prospect Heights, LLC ("Complete Care") is liable as a successor employer under federal common law because it continued the same operations, retained the bargaining-unit workforce, and assumed the CBA with Teamsters Local 97.

Plaintiffs seek delinquent contributions, interest, liquidated damages, attorneys' fees, audit fees, and all other relief mandated by ERISA § 502(g)(2).

## THE PARTIES

1.      Plaintiff Teamsters Local 97 Benefits Fund ("the Fund") is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1), with its principal place of business at 136 Central Avenue, Clark, New Jersey 07066.

2.      Plaintiffs Maria Perez, George Burr, and Daniel Reiman comprise the Fund's Board of Trustees and are fiduciaries within the meaning of 29 U.S.C. § 1102(a).

3.      Defendant Hackensack Meridian Health, Inc. ("HMH") is a New Jersey nonprofit corporation with its principal place of business at 343 Thornall Street, Edison, New Jersey. During the delinquency period, HMH owned, controlled, and operated Prospect Heights and acted as the responsible party for its contractual obligations.

4.      Defendant Complete Care at Prospect Heights, LLC is a New Jersey limited liability company with a principal place of business at 336 Prospect Avenue, Hackensack, New Jersey 07601.

## JURISDICTION AND VENUE

5.      This action arises under ERISA § 502, 29 U.S.C. § 1132(a)(3), and ERISA § 515, 29 U.S.C. § 1145.

6.      Jurisdiction is proper under 28 U.S.C. § 1331 because ERISA § 502(e) grants federal district courts exclusive jurisdiction over civil actions brought under ERISA.

7.     Venue is proper under 28 U.S.C. § 1391(b)(1)–(2) because Defendants reside in New Jersey and a substantial part of the events giving rise to this action occurred in New Jersey.

## POWERS AND AUTHORITY OF THE TRUSTEES

8.     The Fund is governed by the Restated, Supplemented and Amended Agreement and Declaration of Trust ("Trust Agreement").

9.     Article III, Section 1(b)(ii) of the Trust Agreement empowers the Trustees to collect employer contributions and all monies owed to the Fund.

10.     Article VI, Section 4(b) authorizes the Trustees to conduct audits of employers.

11.     Article VI, Section 4(c) requires employers to provide books and records within fifteen (15) days of written demand and permits the Fund to recover contributions, interest, audit fees, attorneys' fees, and costs for noncompliance.

## OBLIGATIONS UNDER THE CBA

12.     Prospect Heights and Teamsters Local 97 are parties to a CBA.

13.     Article 11, Section 1 of the CBA requires Prospect Heights to make health-and-welfare contributions to the Fund.

14.     Article 11, Section 4 requires Prospect Heights to make available all records reasonably requested by the Fund for administration and auditing.

## PRIOR AUDIT DEMANDS AND NONCOMPLIANCE

15.     Plaintiffs repeat and reallege Paragraphs 1–14.

16.     Prospect Heights repeatedly failed to provide payroll records requested since 2011, despite multiple written demands from the Fund, its Auditor, and Fund Counsel.

17.    Prospect Heights's failure to provide records constituted violations of the CBA, the Trust Agreement, and ERISA.

## THE DECEMBER 2024 SETTLEMENT AND DEFENDANTS' BREACH

18.    Plaintiffs repeat and reallege Paragraphs 1–17.

19.    In December 2024, Prospect Heights entered into a Settlement Agreement resolving outstanding payroll-audit liabilities totaling $124,625.58.

20.    Under the Settlement, Prospect Heights was required to pay an initial installment in December 2024 and make monthly payments of $4,000 beginning January 2025 through December 2026.

21.    On December 23, 2024, HMH issued the payment of $44,614.18, representing the initial installment required under the Settlement Agreement.

22.    No further payments were made. As of March 31, 2026, Defendants owe $97,816.12, including $17,804.82 in accrued interest.

23.    Defendants' failure to make required payments constitutes a breach of the Settlement Agreement, the Trust Agreement, the CBA, and ERISA § 515.

24.    On March 10, 2026, Fund Counsel issued a written demand for payment within ten (10) days. No payment was made.

## COUNT ONE

**Violation of ERISA § 515 and Breach of Settlement Agreement**
**(Against HMH as Primary Responsible Party)**

25.    Plaintiffs repeat and reallege Paragraphs 1–24.

26.    HMH, as the responsible party for Prospect Heights during the delinquency period, failed to make required contributions and settlement payments in violation of ERISA § 515, the CBA, the Settlement Agreement, and the Trust Agreement.

27.     Under ERISA § 502(g)(2), Plaintiffs are entitled to delinquent contributions, interest, liquidated damages, audit fees, attorneys' fees, and costs.

## COUNT TWO

### Successor Liability Under Federal Common Law and LMRA § 301
### (Against Complete Care at Prospect Heights, LLC)

28.     Plaintiffs repeat and reallege Paragraphs 1–27.

29.     In 2023, Complete Care assumed operations of Prospect Heights, continued the same business, retained the bargaining-unit workforce, and assumed the CBA with Teamsters Local 97.

30.     At the time of the assumption of operations, Complete Care had notice of Prospect Heights's outstanding obligations to the Fund.

31.     Under the federal common law of successor liability, including Einhorn v. M.L. Ruberton Constr. Co., 632 F.3d 89 (3d Cir. 2011) and Artistic Furniture, 920 F.2d 1323 (7th Cir. 1990), Complete Care is jointly and severally liable for all delinquent contributions, settlement payments, and statutory remedies.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment:

A.     Ordering Defendants, jointly or severally, to immediately pay the $97,816.12 delinquent balance under the Settlement Agreement;

B.     Ordering HMH to pay all remaining monthly installments through December 2026;

C.     Awarding all delinquent contributions, interest, and liquidated damages pursuant to ERISA § 502(g)(2);

D.     Awarding audit fees, attorneys' fees, and costs;

E.      Awarding any additional contributions or amounts determined to be owed upon completion of any outstanding audit;

F.      Granting such other legal or equitable relief as the Court deems just and proper.

**METS SCHIRO & MANETTA, LLP**
Attorneys for All Plaintiffs,
Teamsters Local 97 Benefits Funds, Maria Perez, George Burr, and Daniel Reiman

/S/ *Joseph Licata*

By:     JOSEPH LICATA, ESQ.

Dated: May 12, 2026

6